**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

BRIDGE GOLDE,
        Plaintiff,

v.                                                      2:26-cv-1151-KCD-NPM

SHERIFF DAVID HARDIN,
GLADES COUNTY SHERIFF'S OFFICE,
DEPUTY JOHN DOE 1, DEPUTY JOHN DOE 2,
and CLERK OF COURT TAMI P. SIMMONS,
        Defendants.

_____

## ORDER

Plaintiff Bridge Golde has filed an application to proceed in forma pauperis ("IFP") in this action against defendants Sheriff David Hardin, Glades County Sheriff's Office, Deputies John Doe 1 and 2, and Glades County Clerk of Court Tami P. Simmons. (Doc. 2).

Courts may authorize a party to proceed in forma pauperis in any suit so long as the party complies with the prescriptions of 28 U.S.C. § 1915(a) by submitting an affidavit "that includes a statement of all assets such [person] possesses [and showing] that the person is unable to pay" court filing fees. 28 U.S.C. § 1915(a)(1). While the privilege of proceeding IFP does not require a litigant to demonstrate absolute destitution, "something more than mere statement and an affidavit that a man is 'poor' should be required before a claimant is allowed to proceed in forma pauperis." *Levy v. Federated Dep't Stores*, 607 F. Supp. 32, 34 (S.D. Fla. 1984)

(quoting *Evensky v. Wright*, 45 F.R.D. 506, 507-08 (N.D. Miss. 1968)). At bottom, IFP is reserved for individuals for whom the court's filing fee is an insurmountable obstacle to pursuing a claim, not an inconvenience. *Mansfield v. United States*, No. CV419-168, 2019 U.S. Dist. LEXIS 187721, *1 n.2 (S.D. Ga. Oct. 29, 2019).

Here, Golde's application to proceed IFP presents incomplete answers such that the court cannot determine whether she may proceed without prepaying fees and costs. To be sure, the only financial information Golde provides is that she expects to make $500 next month from her employment, and she has $1,000 in her checking account. (Doc. 2 at 2). However, Golde provides no information about housing, transportation, or other regular monthly expenses for sustenance of life. This begs the question—how does Golde survive?

"Wary of indigency claims where information appears to have been omitted, and cognizant of how easily one may consume a public resource with no financial skin in the game, th[e] court demands supplemental information[.]" *Mansfield*, 2019 U.S. Dist. LEXIS 187721, at *2. By **May 26, 2026**, Golde must file the long-form IFP application (AO Form 239) and provide honest and detailed answers to *every* question in the form.

Furthermore, Golde must cure pleading deficiencies in her complaint. To comply with federal pleading standards, a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

Civ. P. 8(a)(2). The Federal Rules also require plaintiffs to "state [their] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances."[1] Fed. R. Civ. P. 10(b). "A 'shotgun pleading' is one that lacks the minimum clarity, brevity, or coherence required by Rules 8 and 10 of the Federal Rules of Civil Procedure." *Lozano v. Prummell*, No. 2:22-cv-600-JES-KCD, 2022 WL 4384176, *2 (M.D. Fla. Sept. 22, 2022). A complaint is a shotgun pleading if it:

> (1) contains multiple counts where each count adopts the allegations of all preceding counts; (2) is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) fails to separate into a different count each cause of action; or (4) asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act.

*Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019). The Eleventh Circuit has—on numerous occasions—unequivocally condemned such pleadings. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018) ("[W]e have condemned shotgun pleadings time and again, and this is why we have repeatedly held that a District Court retains authority to dismiss a shotgun pleading on that basis alone.").

Golde's complaint is a quintessential shotgun pleading as each count incorporates all the allegations of the previous counts, it is replete with conclusory, superfluous facts that are not connected to any one action, and it asserts multiple

---

[1] When amending her complaint, Golde must sequentially number the paragraphs in the entirety of the pleading and not begin re-numbering paragraphs each time there is a new claim.

claims against multiple defendants such that the Defendants are left guessing each Defendant's alleged misconduct for each cause of action. *See Veltmann v. Walpole Pharmacy, Inc.*, 928 F. Supp. 1161, 1164 (M.D. Fla. 1996) (dismissal appropriate for pleading deficiencies when plaintiff's complaint made general allegations against all of the named defendants, making it "virtually impossible to ascertain . . . which defendant committed which alleged act.").

One more thing, Golde's complaint improperly alleges claims against John Doe deputies as well as the Glades County Sheriff's Office. "As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). So Golde must drop the John Doe defendants from her amended complaint. At an appropriate time, she may subsequently amend her complaint after properly identifying the deputies. And although the Glades County Sheriff, in an official capacity, may be held liable pursuant to 42 U.S.C. § 1983 for a custom or policy that causes or results in the violation of federal rights, *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-691 (1978), under Florida law the Sheriff's Office is not a legal entity subject to suit. *See Faulkner v. Monroe Cnty. Sheriff's Dep't*, 523 F. App'x 696, 701 (11th Cir. 2013) ("Florida law has not established Sheriff's offices as separate legal entities with the capacity to be sued. Thus, the district court did not err by dismissing Faulkner's claim against MCSO because MCSO is not a legal entity with the capacity to be sued

- 4 -

under Florida law.").[2] Therefore, Golde must remove claims against the Glades County Sheriff's Office.

Accordingly, by **May 26, 2026**, Golde must also file an amended complaint that cures all the deficiencies discussed in this order, and that comports with Rules 8 and 10 of the Federal Rules of Civil Procedure.

A failure to fully comply with this order or timely explain an inability to do so may result in a dismissal of this action without further notice.

**ORDERED** on May 5, 2026

NICHOLAS P. MIZELL
United States Magistrate Judge

---

[2] Whether a party has the capacity to be sued is determined by the law of the state in which the district court sits. *Dean v. Barber*, 951 F.2d 1210, 1214-15 (11th Cir. 1992). Because this court is in Florida, its laws apply to this matter.